STATE OF NEW JERSEY, PLAINTIFF, v.
WALTER SUAREZ, JR., DEFENDANT.

Superior Court of New Jersey
Law Division (Criminal)

Decided September 17, 1976.

*Mr. Lee W. Shelly,* for the defendant (*Messrs. Levchuk* and *Halleran,* attorneys).

*Mr. Evan W. Broadbelt,* for the State (*Mr. James M. Coleman, Jr.,* Monmouth County Prosecutor, attorney).

PATRICK J. McGANN, JR., J. S. C. Defendant was indicted for violating *N. J. S. A.* 2A:151–41 in that he possessed various weapons without first having obtained the requisite statutory permit. He moved to dismiss the indictment, alleging that he enjoyed exempt status by virtue of *N. J. S. A.* 2A:151–43 which, insofar as applicable to this case, provides:

Section 2A:151–41 of this Title does not apply to: * * * b. Members of the Armed Forces of the United States or of the National Guard when on duty * * *

To supplement factual information supplied by affidavit in support of the motion the court ordered and took testimony bearing on the issue raised by defendant.

The undisputed facts are these. Defendant is a gunner's mate, first class, in the United States Naval Reserve. His regular unit assignment is to Fleet Training Group 506, Newport News, Virginia. He was ordered on temporary active duty from May 10 to 22, 1976 and assigned to the Naval Ammunition Depot, Earle, New Jersey, to be trained in the handling of nuclear missiles and torpedoes. While at Earle he was required to attend to naval duties from 0730 to 1600 hours each day. From 1600 hours to 0730 hours the next

morning he was on liberty status. He lived off the base in a nearby motel.

Shortly after 1600 hours on May 13 Suarez left Earle in civilian clothes and drove to Staten Island in his private automobile to visit a relative. On his way back at about 6:30 A.M. the following morning, he was stopped by the Ocean Township Police for a motor vehicle violation. A search of the vehicle (unchallanged here) disclosed the following items:

- 1—4″ gravity knife, black handle, SFB–358–5 — Made in Japan
- 1—.22 Cal. Sturm Ruger, blue, 6 shot, wood grips, Ser. No. 56540
- 1—.380 Cal. Browning auto. blue, Ser. No. 71N12066 and 2 — 9 shot clips
- 1—.22 Cal. Remmington rifle, Armsport Scope 4x15, Ser. No. OL31
- 1—Brown leather gun case for above listed rifle
- 9—.22 Cal. ammunition
- 9—.380 Cal. ammunition
- 1—Home made knife
- 1—5″ knife made in Italy
- 1—6″ knife Kinfols flame edge, Ser. No. 568 TC and black leather case
- 18—30.06 shells and brown leather gun belt
- 1—Box 205 .22 Cal. shells (longs)
- 1—Black leather pistol case (Browning) with 29 — .22 Cal. shells
- 27—.380 Cal. shells in plastic case. Approx. 200 .22 Cal. shells in cardboard box
- 7—.357 Mag. shells
- Approximately 30 empty 30.06 shell casings

Defendant concedes possession of the items and lack of a permit, but claims exemption. The State concedes that for the purpose of the exemption claimed, defendant did have the status of a member of the armed forces of the United States, at least while assigned to active duty from May 10 to

22. The issue centers on the phrase "when on duty." Defendant seeks a broad interpretation which would accord him around-the-clock exemption from May 10 through 22 whether in or out of uniform, on or off base, or whether concerned with militarily related or purely personal matters. The State urges a narrower interpretation of the exemption — a confining of it to the actual time devoted to military concerns.

Defendant argues that the broad interpretation is the proper one, based on the oft-stated principle that a criminal statute is to be strictly construed. Without quarreling with that principle, it simply does not apply. The criminal statute is *N. J. S. A.* 2A:151-41. Its language is quite plain and explict. The question here is whether defendant is exempt from the operation of that statute. *Cf. State v. Nicol,* 120 *N. J. Super.* 503 (Law Div. 1972).

Abundantly clear in this State is the proposition that possession of weapons is to be discouraged and limited to the greatest extent consonant with reasonable needs of government in exercising its powers in the interest of public safety, morals and welfare. *State v. Hatch,* 64 *N. J.* 179, 186 (1973). In listing exemptions from that general proposition, the Legislature intended obviously a restrictive rather than an expansive policy. To persons employed by the armed forces of the United States, the clause "when on duty" has a very clear meaning. Their employment status is expressed as "active duty." There is a real distinction between their employment status generally and being "on duty." "On duty" has reference to the working hours in the daily life of military employees. In that practical sense, naval personnel such as defendant readily distinguish "on duty" from being "at liberty" or "on leave." That is the common sense of it. As argued, correctly, by the Prosecutor, the legislative intent was to exempt military personnel who are required to carry weapons in New Jersey in conjunction with their military duties. It was never intended to permit those who happen to be employed by the armed forces to possess weapons any-

where and at any time and under any circumstances. Criminal statutes are to be interpreted in light of the "mischief and evil sought to be suppressed" so as to give effect to the legislative purpose. *State v. Meinken,* 10 *N. J.* 348, 352 (1952). *See also State v. Provenzano,* 34 *N. J.* 318, 322 (1961). So read, *N. J. S. A.* 2A:151-43(b) accords no exemption to defendant

The motion to dismiss the indictment is denied.